UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN O'TOOLE, | : | Case No. 1:16-CV-00494-TSB |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| LAWLOGIX, | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS (Doc. 8)**

This case is before the Court regarding Defendant Lawlogix's motion to dismiss (Doc. 8). For the reasons set forth below, the motion will be granted in part.

### I.  BACKGROUND

Plaintiff, John O'Toole, was employed by Defendant Lawlogix from on or about May 13, 2013 to July 31, 2014 as a sales executive. (Doc. 1, at 2–4). Plaintiff's employment was secured through an "Employment and Proprietary Information and Invention Agreement" signed by both parties. (Doc. 8-1). That agreement called for Plaintiff to receive a "base salary" of $100,000.00 per year. (*Id.* at 1). The agreement also contained the following paragraph in section 3, which outlined "compensation and benefits":

> 3.  COMPENSATION AND BENEFITS
> …
> b.  Commission: In addition to the salary enumerated in paragraph 3(a), Employee shall be paid a Commission as reasonably agreed upon by the parties and executed in writing through a commission addendum to this employment.

1

(*Id.* at 2).

Plaintiff and Defendant never executed a commission addendum during Plaintiff's tenue as an employee, and Plaintiff was never paid any commissions for the sales he secured on Defendant's behalf. (Doc. 1, at 4). On July 31, 2014, Plaintiff was terminated. Defendant did not give Plaintiff a reason for his termination.

Plaintiff filed the current civil action against Defendant on April 25, 2016, bringing claims of age discrimination, breach of contract, promissory estoppel, quantum meruit, and unjust enrichment. (Doc. 1). Plaintiff has completed the required administrative process with the Equal Opportunity Employment Commission and a notice of right to sue was mailed on or after January 26, 2016. Defendant's motion to dismiss seeks dismissal of all claims, except Plaintiff's claim for age discrimination. (Doc. 8).

## II.     STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. Rule Civ. P. 8(a)(2)).

### III. ANALYSIS

#### A. Choice of law

As an initial matter, the Court must determine which law governs Plaintiff's various claims. Defendant claims that Arizona law governs all the claims in the complaint, while Plaintiff alleges that Arizona law only governs his breach of contract claim, while his quasi-contractual claims are governed by Ohio law.

3

The employment contract signed by the parties includes a choice of law provision which states: "[t]he validity, construction, interpretation, and performance of th[e] Agreement shall be governed by the law of the State of Arizona." (Doc. 8-1, at 6.) Plaintiff concedes that his breach of contract claim (Count II of the complaint) is accordingly governed by Arizona law, but argues that his quasi-contractual claims are not related to the "validity, construction, interpretation, [or] performance" of the contract and should therefore be governed by Ohio law. Plaintiff cites no legal authority in support of this position. In contrast, Defendant's reply to its motion cites a number of cases from this district and others holding that choice of law provisions similar to the one at issue here frequently extend to claims of promissory estoppel, quantum meruit, and unjust enrichment. *See e.g.*, *Opportunity Fund, LLC v. Epitome Sys., Inc.*, 912 F. Supp. 2d 531, 548 (S.D. Ohio 2012); *Enters. v. Zurich Am. Ins. Co.*, 845 F.Supp.2d 809, 813 (E.D. Mich. 2012); *SJ Properties Suites v. Specialty Fin. Group, LLC*, 864 F. Supp. 2d 776, 794 (E.D. Wis. 2012); *PAE Gov't Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007); *In re Lois/USA, Inc.*, 264 B.R. 69, 104 (Bankr. S.D.N.Y. 2001).

Having reviewed Defendant's cited authorities, the Court agrees that Arizona law should govern Plaintiff's contractual and quasi-contractual claims.

**B.     Plaintiff has sufficiently alleged the existence of a contract**

In its motion to dismiss, Defendant argues that Plaintiff's claim for breach of contract must be dismissed per Federal Rule of Civil Procedure 12(b)(6) because Plaintiff "has not pled (and certainly cannot prove) the prerequisite *prima facie* elements of his cause of action," those being (1) the existence of a valid contract; (2) breach; and

4

(3) damages. (Doc. 8, at 4 (citing *Graham v. Ashbury*, 112 Ariz. 184, 185 (1975)). Defendant claims that Plaintiff "has not alleged the existence of a valid contract" in his complaint. (*Id.*).

The Court notes at the outset that there was undoubtedly a contract between the parties outlining the terms of employment. That contract, which was entered into the record for the first time by *Defendant* in its motion to dismiss, is the "Employment and Proprietary Information and Invention Agreement" referenced by Plaintiff in his complaint. (Doc. 8-1). The document memorializes the essential elements of a contract—the acceptance of an offer in exchange for consideration.

Despite the fact that Defendant was clearly able to ascertain from Plaintiff's complaint the contract Plaintiff was referring to in his breach of contract claim, Defendant would have this Court dismiss the claim because, allegedly, "Plaintiff belatedly attempts to rely on Defendant's motion to dismiss to fill the gaps of his inadequate pleading." (Doc. 12, at 3). Defendant argues that "the Court is only permitted to look within the four corners of the complaint in determining the adequacy of the Plaintiff's pleading." (*Id.* (citing *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015)). Accordingly, Defendants assert that the Court in this case cannot consider the actual contract between the parties to determine whether Plaintiffs have adequately alleged the existence of a contract sufficiently to survive a 12(b)(6) motion to dismiss.

Defendant's argument regarding Plaintiff's failure to allege the existence of a contract is without merit. The Court may properly consider Doc. 8-1 in determining

5

whether the existence of a contract has been adequately alleged. In *Patrie Const. Co.*, the Court of Appeals for the Sixth Circuit held that "a district court cannot consider matters beyond the complaint." *Patrie Const. Co*, 618 F. App'x at 255. However, that opinion went on to explain a district court's ability to consider record evidence during a 12(b)(6) motion in greater detail:

> This Court has recognized that it may consider items appearing in the record of the case, including exhibits, without converting a Rule 12(b)(6) motion into a motion for summary judgment, but only "so long as they are *referred to in the complaint* and are central to the claims contained therein." *Rondigo, L.L.C. v. Twp. of Richmond,* 641 F.3d 673, 681 (6th Cir.2011) (emphasis added) (quoting *Bassett v. NCAA,* 528 F.3d 426, 430 (6th Cir.2008)) (internal quotation marks omitted). Here, the amended complaint did not refer to any of the record evidence cited by the Trustees in their briefing on appeal. Thus, the district court appropriately limited its Rule 12(b)(6) inquiry to the four corners of the amended complaint.

*Id.* Unlike in *Patrie Const. Co.*, the complaint in this case explicitly referenced the "Employment and Proprietary Information and Invention Agreement" contained at Doc. 8-1. It is accordingly appropriate for the Court to look to the document in determining that the document referenced by the complaint contained the necessary elements of a contract between the parties.

When the employment agreement between the parties is properly considered in the context in which it is referenced by the complaint, it is clear that the complaint alleges all the necessary elements of a contract between the parties. Accordingly, Plaintiff's breach of contract claim does not fail for want of properly alleging the existence of a contract.

### C.     Plaintiff's breach of contract claim fails as a matter of law

Although Plaintiff has adequately alleged the existence of a contract between the parties in this case, when viewing the facts in the case as alleged by the Plaintiff, no reasonable juror could conclude that the enforceable terms of that contract were violated. The contractual dispute in this case concerns alleged unpaid remuneration, but the parties do not dispute that Plaintiff was paid the $100,000 annual "base salary" outlined in his contract. The dispute lies in Defendant's failure to pay Plaintiff any commissions for the sales Plaintiff worked on during his tenure with Defendant.

The employment contract in this case did not require any commissions to be paid to Plaintiff. However, the contract contained a clause anticipating the parties' agreeing on a commission plan in the future:

> 3.     COMPENSATION AND BENEFITS
> …
>     b.     <u>Commission</u>: In addition to the salary enumerated in paragraph 3(a), Employee shall be paid a Commission as reasonably agreed upon by the parties and executed in writing through a commission addendum to this employment.

Plaintiff argues that Defendant breached the contract by terminating Plaintiff before a commission addendum and agreement was put into place. (Doc. 10, at 3). However, Section 3.b is not enforceable under the rules of contract. While it is well established that parties may enter into a contract requiring the execution of a future agreement, The Sixth Circuit has noted that "[w]here an agreement leaves the resolution of material terms to future negotiations, the agreement is generally unenforceable for indefiniteness unless a standard is supplied from which the court can supplant the open

7

terms should negotiations fail." *Poundstone v. DEW Res., Inc.,* 75 Fed. Appx. 353, 364 (6th Cir.2003) (unpublished) (citing *Cinelli v. Ward,* 997 S.W.2d 474, 477 (Ky.1998)). Section 3.b gives no indication of the value of the commissions Plaintiff was to be paid, and is therefore a mere "agreement to agree" that is unenforceable.

Accordingly, Plaintiff's breach of contract claim fails as a matter of law.

### D. Plaintiff's promissory estoppel claim fails as a matter of law

Defendant's motion to dismiss argues that Plaintiff's complaint fails to allege the necessary elements to support his claim of promissory estoppel. In order to establish his claim of promissory estoppel, Plaintiff must demonstrate that: (1) defendant made a promise, (2) which the promisor should reasonably foresee would cause the promisee to rely; and (3) upon which the promisee actually relies to his detriment. *Contempo Constr. Co. v. Mountain States T. & T. Co.*, 153 Ariz. 279, 282, 736 P.2d 13, 16 (1987). Defendant argues that "Plaintiff's promissory estoppel claim is barred by the clear and unambiguous language contained in the Employment Agreement." (Doc. 12, at 5). The Court agrees.

Plaintiff argues that his promissory estoppel claim "is not an attempt to vary the terms of the Agreement. Instead, it is a separate and independent claim focused on Plaintiff's reliance on Defendant's representation which induced Plaintiff to forego employment with [Defendant's competitor] Workflex." (Doc. 10, at 4). However, even considering the facts as alleged by Plaintiff, Plaintiff cannot claim to have reasonably relied on a promise made before he signed his employment contract. That contract

8

explicitly disavowed any previous promises in forming the relationship between the parties:

> 12. ENTIRE AGREEMENT. This Agreement contains the entire agreement between the parties with respect to their subject matter and merges and supersedes all prior discussions, agreements and understandings of every kind and nature, written or oral, between them and neither party shall be bound by any term or condition other than as expressly set forth in this Agreement. The Parties represent that, in executing this Agreement, they do not rely and have not relied upon any representation or statement not set forth in this Agreement with regard to the subject matter, bases or effect of this Agreement.

(Doc. 8-1 at 6).

By signing the contract, Plaintiff asserted that he was not induced to enter into Defendant's employ by any promises other than those memorialized in the agreement. The agreement contains no reference to compensation in excess of $250,000.00 per year. Accordingly, Plaintiff's promissory estoppel claim fails as a matter of law.

**E.      Plaintiff has stated viable claims for quantum meruit and unjust enrichment**

Defendant argues that Plaintiff's claims for quantum meruit and unjust enrichment fail because "there is no claim for unjust enrichment or quantum meruit when a valid contract exists." (Doc. 8. at 7 (citing *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174, 548 P.2d 1166, 1171 (1976); *Blue Ridge Sewer Improvement Dist. v. Lowry and Assocs., Inc.*, 149 Ariz. 373, 375, 718 P.2d 1026, 1028 (App.1986)). However, as the Arizona Supreme Court stated in *Blue Ridge Sewer Improvement Dist. v. Lowry and Assocs., Inc.*, "[r]ecovery under *quantum meruit* may occur where the services are performed under an unenforceable contract or where services are rendered in the absence of a contract." 718 P.2d at 1028. That is precisely the circumstance in this case. The Court has ruled that

the commissions clause in the employment contract between the parties was unenforceable as it lacked definite terms of agreement and was therefore merely an "agreement to agree." *See supra* Part III.C.  However, taking the facts of the complaint in the light most favorable to the Plaintiff, the language of the commission clause contained in the contract itself induced Plaintiff to enrich Defendant through his efforts to secure sales on Defendant's behalf.

The clause of the contract regarding commissions is not the only legitimate basis for Plaintiff's quasi-contractual claims.  The complaint alleges that *after* the employment contract was finalized, Plaintiff received oral promises from supervisors that commissions would be forthcoming.  (Doc. 1, at 3).  Unlike the alleged promises that formed the basis of Plaintiff's meritless unjust enrichment claim, these promises, made after the parties' contract was finalized, are not invalidated by the contract's integration clause.  Plaintiff therefore has a meritorious claim for quantum meruit and unjust enrichment if Defendants received value from Plaintiff's work based on Plaintiff's reliance on those promises.

Defendant's motion to dismiss also claims that Plaintiff's $100,000 annual base salary, which no party disputes was paid, precludes Plaintiff's quasi-contractual claims, arguing that "an annual salary of $100,000 is far from the kind of 'impoverishment' or inequitable lack of payment that would give rise to a claim of unjust enrichment or quantum meruit." (Doc. 8, at 7).  However, Plaintiff's base salary does not necessarily preclude his quasi-contractual claims; so long as Plaintiff can demonstrate that Defendant

10

was unjustly enriched due to services performed by Plaintiff for which Plaintiff was not adequately compensated, Plaintiff has a cognizable claim.

Despite Defendant's assertion to the contrary, Plaintiff's quasi-contractual claims are detailed enough to survive the permissive standard articulated in *Iqbal* and *Twombly* for evaluating a motion to dismiss. Plaintiff's complaint alleges the promises Defendants made regarding commissions in sufficient detail to support his quasi-contractual claims. (Doc. 1, at 4). Plaintiff also generally alleges damages to a sufficiently precise degree by stating that "As a result of Plaintiff's efforts and the projected revenues that would flow to Defendant [due to Plaintiff's sales efforts], Plaintiff reasonably stood to earn commissions exceeding $1,000,000." (*Id.*). Discovery will allow the ultimate finder of fact in this case to evaluate whether there is evidence to substantiate Plaintiff's claims regarding his unearned commissions, but at this juncture the Court finds that Plaintiff has stated a claim sufficiently cognizable to survive a Rule 12(b)(6) motion to dismiss.

## IV. CONCLUSION

Accordingly, for the reasons outlined above, Defendant's motion to dismiss (Doc. 8) is **GRANTED IN PART.** Plaintiff's claims for breach of contract (Count II of the complaint) and promissory estoppel (Count III of the complaint) are **DISMISSED WITH PREJUDICE.** Defendant's motion to dismiss Plaintiff's claims of quantum meruit (Count IV of the complaint) and unjust enrichment (Count V of the complaint) is **DENIED.**

**IT IS SO ORDERED.**

Date:  2/27/17                                              _____
                                                                          Timothy S. Black
                                                                          United States District Judge